**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SHMUEL ERDE,<br><br>　　　　　　　　Debtor.<br><br>-----------------------------<br><br>SHMUEL ERDE,<br><br>　　　　　　　　Appellant,<br><br>　v.<br><br>THEODOR NICKOLAS BODNAR; et al.,<br><br>　　　　　　　　Appellees. | No. 20-60001<br><br>BAP No. 19-1022<br><br>MEMORANDUM[*] |
| In re: SHMUEL ERDE,<br><br>　　　　　　　　Debtor.<br><br>-----------------------------<br><br>SHMUEL ERDE,<br><br>　　　　　　　　Appellant,<br><br>　v.<br><br>THEODOR NICKOLAS BODNAR; et al., | No. 20-60003<br><br>BAP No. 19-1139 |

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellees.

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Taylor, and Spraker, Bankruptcy Judges

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

In these consolidated appeals, chapter 11 debtor Shmuel Erde appeals pro se from the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's orders (1) sua sponte dismissing his adversary proceeding against Theodor Nickolas Bodnar and others, and imposing a pre-filing restriction on Erde as a vexatious litigant and (2) denying Erde's request for permission to file a motion to alter or amend a judgment. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

The bankruptcy court properly dismissed Erde's adversary proceeding because the claims were actually litigated and decided in prior actions among the parties that resulted in final adjudication on the merits, or could have been raised in

---

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the prior actions. *See* 11 U.S.C. § 105(a) (setting forth bankruptcy court's equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" including sua sponte action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process"); *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040-42 (9th Cir. 2017) (requirements for issue preclusion under federal law); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713-14 (9th Cir. 2001) (requirements for claim preclusion under federal law); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 745 (9th Cir. 2006) (standard of review for application of issue preclusion and claim preclusion).

The bankruptcy court did not abuse its discretion by declaring Erde a vexatious litigant after providing notice and an opportunity to be heard, developing an adequate record for review, making substantive findings as to the frivolous or harassing nature of Erde's litigation history, and narrowly tailoring its prohibition on future filings to those in bankruptcy court against the named Bodnar defendants, as to whom Erde had been filing vexatiously. *See Ringgold–Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061-67 (9th Cir. 2014) (setting forth standard of review and procedural and substantive standards for a federal pre-filing order based on a vexatious litigant determination).

We reject as without merit Erde's contention that the BAP erred by denying

his request for publication.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

20-60001
20-60003